**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN,** ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) | **Case No. 08 C763** |
| ) | |
| v. ) | |
| ) | **Judge Gettleman** |
| ) | |
| **DIXON INTERIORS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund for the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, by their undersigned attorney, request this Court to set a hearing as to why Ann Dixon, President of Dixon Interiors, Inc.("Dixon") should not be held in contempt of court. In support of this motion, the plaintiffs state as follows:

1. This cause was filed under the Employee Retirement Income Security Act, 29 U.S.C. §1001 et. seq. ("ERISA"), as amended, for delinquent contributions seeking amounts owed for July 1, 2005 through March 31, 2007, May 2007 and October 2007 through the present.

2. On April 24, 2008, this Court entered judgment of $85,838.71 against Dixon, which remains due to the plaintiffs. On May 9, 2008, the Court issued a Citation to Discover Assets Notice directed to Ann Dixon notifying her of an obligation to appear to testify about Dixon's assets on

June 3, 2008, at plaintiffs' counsel's law office at 2:00 p.m.  On May 19, 2008, Ms. Dixon was served with the Citation Notice by the Funds' special process server, Philip P. Ducar at the hour of 4:00 p.m.  (Exh. 1 and 2 attached hereto).

3.	The Citation Notice required Ann Dixon as President of Dixon to appear for a deposition on June3, 2008 and to bring with her various Company documents which are specifically described in the Citation Notice. (Exhibit 1, pp. 2-3). Ms. Dixon failed to contact plaintiffs' counsel, failed to produce the requested documentation, and failed to appear as required by the Citation Notice. The Funds paid a court reporter an appearance fee of $150.00, because no one contacted plaintiffs' counsel to advise her in advance that Ms. Dixon would not appear as scheduled on June 3, 2008.

4.	Pursuant to Rule 69, F. R. of Civ. P., the process to enforce a judgment shall be in accordance with the practice and procedure of the state in which the district court is held.  In Illinois, Rule 277(c) of the Illinois Supreme Court Rules provides that a citation is the form in which a supplementary proceeding is commenced.  A citation may require the party to whom it is directed to appear for an examination.  Ill. Sup. Ct. Rule 277(c)(3).  See also 735 ILCS §5/2-1402.

5.	Illinois Supreme Court Rule 277 also states that "[a]ny person who fails to obey a citation may be punished for contempt." Rule 277, part(h), Sanctions.

6.	A district court has "the inherent authority to hold a party in civil contempt" in order to enforce the order and to compensate the party for the failure to attend. Graves v. Kemsco Group, Inc. 676 F. Supp. 1417, 1420 (N.D. Ind. 1988).  It is an established principle that, unless privileged, every individual must give testimony when summoned. United States v. International Business Machines Corp. 62 F.R.D. 507 (S.D.N.Y. 1974).  The Court may impose damages including costs

and attorneys' fees for a party's failure to comply with a subpoena. The court may also impose a civil fine against the party for its contemptuous actions in an amount sufficient to prevent future contemptuous actions. Graves, supra, 676 F.Supp. at 1420.

  7. Ms. Dixon will be sent notice of this motion at her residence at 27 W. 115 Tamarack Drive, Winfield, IL 60190-2001, in addition to Dixon's Register Agent of Dixon, William W. Mortimer, at 7630 S. County Line Road, Suite 7, Burr Ridge, Illinois 60527.

Wherefore, plaintiffs request this Court enter an order setting a hearing date for a contempt proceeding to determine why Ann Dixon should not be held in contempt of court and to award plaintiffs' attorneys' fees and costs for the time spent litigating this cause.

              Respectfully submitted,

              /s/ Karen I. Engelhardt
              One of plaintiffs attorneys

Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street
Suite 2600
Chicago, Illinois 60606
(312) 364-9400

June 16, 2008