IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
MAY 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds<br><br>Plaintiffs,<br><br>v.<br><br>DIXON INTERIORS, INC.,<br><br>Defendant. | No. 08 C 763<br><br>Judge Gettleman |

## CITATION TO DISCOVER ASSETS

TO:   Dixon Interiors, Inc.
      c/o Ann F. Dixon
      President
      27 W 115 Tamarack Drive
      Winfield, IL 60190-2001

   THE COURT HAS ISSUED A CITATION AGAINST Dixon Interiors, Inc. The citation directs you, ANN F. DIXON to appear before Karen I. Engelhardt, attorney for the plaintiffs, at 230 W. Monroe Street, Suite 2600, Chicago, IL 606060, on June 3, 2008, at 2:00 p.m., to be examined under oath concerning the indebtedness owed to the plaintiffs.
   YOUR FAILURE TO COMPLY WITH THIS CITATION MAY BE SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT OR TO A JUDGMENT FOR THE AMOUNT UNPAID. IN ADDITION, YOUR FAILURE TO APPEAR OR RESPOND TO THE CITATION AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.
   The citation was issued on the basis of a judgment against the judgment debtor, Dixon Interiors, Inc., on April 24, 2008, in the amount of $85,838.71 against defendant, Dixon Interiors, Inc. To date, the amount of $ 85,838.71 remains due to the plaintiffs, the judgment creditors. With respect to defendant Dixon Interiors, Inc., you are commanded to produce at the examination: All books, records, and documents, belonging to the business entity which include, but are not limited to:

1.   all pass books, check books and bank statements, including proof of safety deposit boxes, money market accounts, certificates of deposit, treasury bills from January 2003 through the present including all such accounts in which your interest is direct, indirect, legal or beneficial;

2.   all deeds, bills of sale, documents which evidence or reflect real or personal

**Exhibit 1**

ownership of property, leaseholds, and similar documents evidencing assets and the value thereof from 1988 to the present, including but not limited to mortgages on property, commercial paper, judgments, antiques, art, stamp or coin collections;

3. all stock certificates or other evidence of ownership of securities, bonds and like interests jointly or individually owned;

4. all books, records, papers in your possession and control which may contain information concerning property or income of, or indebtedness due judgment debtor.

5. Federal and State income tax returns and corresponding schedules for 1999 through the present;

6. All certificates of title to automobiles, trucks, trailers and other vehicles including boats, motor homes and accessories owned individually or jointly;

7. All documents which show direct or indirect interest in insurance policies, including names of insurance companies issuing each policy and an itemization of surrender of cash value of each in which Dixon Interiors, Inc. on or any of its individual owners or operators had or has an interest;

8. An inventory of personal property owned individually or jointly owned;

9. All Financial accounting reports, and reports filed annually with the Secretary of State's office or any other governmental entity. Include financial statements prepared by defendants within the last five years in connection with their attempts to procure any loans or financing;

10. All canceled checks in any checking accounts and bank statements from 2000 to the present.

11. All documents establishing defendants' sources of income;

12. All lease documents entered into between defendants and any other third party;

13. All documents showing loans the corporation obtained from any institutions or individuals including family members and insurance companies;

14. All documents which establish that you are a co-maker, endorser or guarantor of any loan;

15. All documents establishing purchases the corporation made on an installment basis;

16. All documents which establish the existence of property at which you own an interest which is held by a third party;

17. A list of all jobs worked by any of the entities listed above from 2003 to the present including any job estimates for work to be done.

THIS COURT HAS ISSUED A CITATION AGAINST YOU. YOU ARE PROHIBITED from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the judgment debtor, Dixon Interiors, Inc.,

which it may be entitled or which may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him until the further order of court or termination of the proceedings, you are not required to withhold the payment of any money beyond double the amount of the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

> (1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000.00 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest not to exceed $1,200.00 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $750.00 in value, in any implements, professional books, or tools of the trade of the debtor.
>
> (2) Under Illinois law, every person is entitled to estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7,500.00, which homestead is exempt from judgment.
>
> (3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lessor of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.
>
> (4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25 % of disposable earning for a week exceed 30 times the federal minimum hourly wage.
>
> (5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law. THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date by notifying the clerk in writing at the office of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, 20th Floor, Chicago,

Illinois. When so notified, the Clerk of the Court will obtain a prompt hearing from the Court and will provide the forms that must be prepared by the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding time and location of hearing. This notice may be sent by registered or first class mail. If you claim an exemption as indicated above or have other questions regarding the procedures, you may contact the judgment creditor's attorney, Karen I. Engelhardt at (312) 364-9400.

Witness:

_____

CLERK OF COURT

_____

DEPUTY

_____

DATE

## CERTIFICATE OF ATTORNEY

I, Karen I. Engelhardt, an attorney, certify under penalties as provided by law pursuant to 725 ILCS 5/1-109 to the Court that the following information is true:

Judgment in the amount of $85,838.71 was entered on April 24, 2008 in the United States District Court for the Eastern District of Illinois in the case of *Laborers' Pension Fund et al., v. Dixon Interiors, Inc.*, 08 C 763 (N.D. Ill.).

_____
Counsel for the Laborers' Funds

## CERTIFICATE OF SERVICE

TO:  Dixon Interiors, Inc.,
      c/o Ann F. Dixon
      President
      27 W 115 Tamarack Drive
      Winfield, IL 60190-2001


    I, Karen I. Engelhardt, an attorney, caused a Citation to Discover Assets to be served by personal service through as special process server whose affidavit of service is attached hereto.

                                                KAREN I. ENGELHARDT


ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, Illinois 60606
(312) 364-9400


May 9, 2008

6